# ZENITH GOLD AND SILVER MINING COMPANY *v.* WILLIAM IRVINE.

SPECIFICATION OF ERRORS IN STATEMENT.—A motion for a new trial should be denied unless the statement specifies the particular errors upon which the moving party will rely in support of his motion. If there is only one question of error that could be raised on the record, this does not excuse the necessity of specifying it.

APPEAL from the District Court, Eleventh Judicial District, Calaveras County.

The jury found a verdict for the defendant, and the Court thereupon rendered judgment in his favor. Plaintiff filed his statement on motion for a new trial, which statement contained the substance of the testimony introduced on the trial, and also an instruction of the Court. The only exception contained in the statement was to this instruction. Defendant's attorney moved the Court below to strike out the statement, because it did not contain any specification of errors upon which plaintiff would rely. The Court granted the motion, and then denied plaintiff's application for a new trial. The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*S. B. Axtell*, for Appellant, argued that as there was but one error alleged and one exception taken, it was not necessary to specify, in the statement, the particular errors upon which the appellant would rely.

*H. P. Barber*, for Respondent.


By the Court, SHAFTER, J. :

Appeal by plaintiff from order denying motion for new trial. The motion was denied on the ground that the statement did not specify the particular errors upon which the plaintiff proposed to rely in support of his motion. The motion was properly overruled on the ground mentioned. If it be true that there is only one question of error that could by possibility be raised upon the record, it does not follow that the plaintiff intended " to rely " upon that. If such was his intention he could not safely conceal it, nor could he leave it open to argument or inference. But it does not appear even that " errors of law occurring at the trial " was designated generally in the notice of motion as the ground upon which a new trial would be claimed. It appears simply that notice of

motion was "duly given," *non constat,* but the general designation in the notice may have been that the evidence was insufficient to justify the verdict, or that the verdict was against law.

Order affirmed.